CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 30 2009

JOHN F. CORCORAN, CLERK
BY:
　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SPENCER L. STACEY, | ) | |
| 　　Petitioner, | ) | Civil Action No. 7:09-cv-00317 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| GENE JOHNSON, | ) | By: Samuel G. Wilson |
| 　　Respondent. | ) | United States District Judge |

Petitioner Spencer L. Stacey, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his June 12, 1992 convictions on four counts of robbery and the resulting sentence of life plus 75 years. As grounds for relief, Stacey alleges several grounds of ineffective assistance of counsel and trial court error. The court finds that Stacey's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

I.

On June 12, 1992, after pleading guilty to four counts of robbery, Stacey was convicted in the Danville Circuit Court of all four counts and sentenced to a total of life plus 75 years of incarceration. Stacey did not appeal. However, he alleges that he filed a petition for writ of habeas corpus in the Danville Circuit Court in March 2007, which the court denied in May 2007. Stacey appealed the circuit court's denial of his habeas petition, and the Supreme Court of Virginia dismissed his appeal on February 3, 2009, finding that his appeal was not perfected in the manner provided by law. Stacey filed his instant federal habeas petition on June 23, 2009.

II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment

of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] Stacey did not meet this one-year statute of limitations. Stacey had 365 days from July 13, 1992, the date on which his conviction became final, to file his federal habeas petition. Stacey did not meet this July 13, 1993 deadline; in fact, by that date, Stacey had yet to file his state habeas petition.[2] Accordingly, Stacey's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3] Stacey has made no such demonstration.[4]

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Stacey has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Stacey's conviction became final on July 13, 1992, thirty days after the Danville Circuit Court entered judgment in his case and when his time to file an appeal to the Virginia Court of Appeals expired.

[2] Stacey's one-year clock had already run by the time he filed his state habeas petition; therefore, his state petition afforded Stacey no tolling under § 2244(d)(2).

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 617 (3d Cir. 1998)).

[4] Stacey previously filed a petition for writ of habeas corpus in this court on February 23, 2009, see Civil Action No. 7:09cv00081, which the court conditionally filed and advised Stacey that his petition appeared to be untimely. The court dismissed that action for failure to prosecute after Stacey failed to comply with the court's conditional filing order. Along with his instant habeas petition, Stacey includes a "motion for excusable neglect" in which he argues that the court

With regard to the timeliness of his petition, Stacey argues that the court should equitably toll the statute of limitations because "there is no danger to the opposing parties if the motion is granted"; "there is no grave impact on the proceeding judicially"; "the delay and reason for the motion was beyond the petitioner's control"; "the petitioner is acting in good faith"; and that he "realizes that ignorance of the court's rules or of the law does not constitute excusable neglect." However, Stacey has not demonstrated that he exercised reasonable diligence in pursuing or investigating his claims, and therefore, the court finds that he has not demonstrated grounds for equitable tolling. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998) (holding that, for equitable tolling to apply, petitioner must show that he exercised reasonable diligence in bringing or investigating the claims). Accordingly, the court finds his petition is untimely filed.

### III.

For the reasons stated, the court dismisses Stacey's petition as untimely.

**ENTER:** This 30th day of July, 2009.

_____
United States District Judge

---

should equitably toll the statute of limitations in his case. Inasmuch as the court previously advised Stacey that his petition appeared to be untimely filed and he specifically addressed the timeliness of his petition in his instant filing, the court will not give him another opportunity to amend his petition to make any additional argument concerning the timeliness of his petition.